UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHARINA JONES, Individually,                     :
                                                 :
                    Plaintiff,                   :
                                                 :
v.                                               :   Case No. 1:17-cv-37
                                                 :
AMWAY HOTEL CORPORATION                          :
A Domestic Company                               :
                                                 :
                    Defendant.                   :
_____ / :

## COMPLAINT

Plaintiff, Sharina Jones (hereinafter "Plaintiff"), hereby sues the Defendant, Amway Hotel Corporation,  a Domestic Company (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and for damages pursuant to the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq. In support thereof, Plaintiff states:

1.      This action is brought by Sharina Jones, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq., against the owners and/or operators of the Amway Hotel.

2.      This Court has jurisdiction pursuant to the following statutes:

        a.      28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

b.      28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

c.      28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3.      Venue is proper in this judicial district and division. Defendant does business in the State of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4.      Plaintiff Sharina Jones is a resident of Genesee County, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103..

5.      Plaintiff Sharina Jones is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

6.      Plaintiff Sharina Jones has been to the Amway Hotel located 187 Monroe Ave NW, Grand Rapids, MI 49503

7.      Plaintiff Sharina Jones was a guest at the Amway Hotel on November 16, 2016.

8.      The Amway Hotel is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

9.      Defendant owns, leases, leases to, or operates Amway Hotel and is responsible for complying with the obligations of the ADA and the PDCRA.

2

## COUNT I

## VIOLATION OF THE ADA

10.     Plaintiff realleges paragraphs one (1)  through eleven (9) of this Complaint and incorporates them here as if set forth in full.

11.     Plaintiff is a frequent visitor to Grand Rapids for vacations and events, has visited the property which forms the basis of this lawsuit, and has plans to return to the property in July 2017 to avail herself of the goods and services offered to the public at the property.

12.     On or about November 14, 2016, Plaintiff called Defendant and requested an accessible King Room for a planned romantic get-away weekend with her spouse.

13.     Plaintiff was informed by Defendant that an accessible King Room would be available for her when she checked in on November 16, 2016.

14.     On November 16, 2016, Plaintiff attempted to check-in to her reserved King Room, but was informed that Defendant did not have any accessible King Rooms for individuals in a wheelchair.

15.     Defendant informed Plaintiff that the only accessible room was one with two twin beds and that there were no accessible king rooms.

16.     Defendant offered Plaintiff a non-accessible King Room at an additional cost of $146.00.

17.     Plaintiff, with little alternative, agreed to pay the additional exorbitant amount.

18.     Plaintiff was given an inaccessible king suite since it was the only bathroom that her wheelchair could fit into.

17.     During the entire transaction, Defendant was extremely rude, non-cooperative, and confrontational to Plaintiff because of her disability.

3

18.     Defendant informed Plaintiff that they would never again accommodate her at their hotel unless Plaintiff paid extra money for an "upgrade."

12.     There are numerous architectural barriers present at Amway Hotel that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the plaza at Amway Hotel are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

13.     Elements and spaces which there are barriers to access at Amway Hotel include, but are not necessarily limited to:

        a.      Defendant maintains a policy to have King Rooms available for able-bodied individuals, but the same rooms are not made available to those individuals in wheelchairs.

        b.      Defendant maintains a policy to charge individuals in wheelchairs extra amounts of monies for rooms, yet able-bodied individuals are not charged any additional cost.

        c.      Defendant fails to properly train and educate their employees in how to interact with those individuals with disabilities.

        d.      Defendant maintains a policy to not train their employees in how to interact with those individuals with disabilities.

14.     The discriminatory violations described in paragraph 13 of this Complaint were personally encountered by Plaintiff. The Plaintiff, and all other mobility-impaired individuals similarly situated have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

4

15.     The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

16.     Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Sharina Jones has standing to require that all barriers to access on the property for the mobility-impaired are corrected, not merely only those Sharina Jones personally encountered.

17.     Defendants' failure to remove the architectural barriers identified in paragraph thirteen (13) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

18.     It would be readily achievable for the Defendant to remove the architectural barriers identified above.

19.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as

defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20.     The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

21.     Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

22.     Sharina Jones has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 13 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

23.     Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

24.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

25.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

26.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff

Injunctive Relief, including an order to require the Defendant to make the property readily

accessible and useable to the Plaintiff and all other persons with disabilities as defined by the

ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.


### COUNT II

### VIOLATION OF THE PDCRA

27.     Plaintiff realleges paragraphs one (1)  through twenty-six (26) of this Complaint and

incorporates them here as if set forth in full.

28.     The Defendant has discriminated against Plaintiff by denying her the full and equal

enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a

place of public accommodation because of a disability, as prohibited by MCL 37.1302.

29.     Plaintiff has desired and attempted to enjoy the goods and services at Amway Hotel as a

patron. She has been prevented from doing so due to the existing architectural barriers at the

property. As a result, she has been distressed and inconvenienced thereby, and is entitled to

monetary damages for her injuries, as provided for in MCL 37.1606.

30.     As a result of being denied full access to the property, Plaintiff has suffered, and will

continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and

other consequential and incidental damages.


### PRAYER FOR RELIEF

32.     Because Defendant has engaged in the acts and practices described above, Defendant has

violated the law as alleged in this Complaint and unless restrained by this Honorable Court,

Defendant will continue to violate the Constitution and laws of the United States of America, and the State of Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A.     Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*

   i.     by failing to bring Amway Hotel into compliance with the Standards where it is readily achievable to do so; and

   ii.     by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

B.     Order Defendant:

   i.     to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

   ii.     to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

C.     Award damages to Sharina Jones who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

D.      Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205 and MCL 37.1606.

E.      Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,


By: /s/ Pete M. Monismith
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
MI Bar P78186